Ek Narayan SHARMA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 09–70802.

United States Court of Appeals, Ninth Circuit.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 17, 2012.\*

Filed April 23, 2012.

Garish Sarin, Esquire, Law Offices of Garish Sarin, Los Angeles, CA, for Petitioner.

Ada Elsie Bòsque, Senior Litigation Counsel, OIL, Carol Federighi, Esquire, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM \*\*

Ek Narayan Sharma, native and citizen of Nepal, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny in part and dismiss in part the petition for review.

■ The record does not compel the conclusion that the Maoists were motivated, even in part, by Sharma's actual or imputed political opinion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Further, here, where Sharma's wife and five daughters have remained in Nepal unharmed, substantial evidence supports the IJ's find-

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing that petitioner failed to demonstrate a well-founded fear of future persecution. *See Halim v. Holder*, 590 F.3d 971, 977 (9th Cir.2009) (concluding that petition failed to make a compelling showing of the objective component).

■ Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

■ Finally, we lack jurisdiction to review the IJ's denial of CAT relief because Sharma did not raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (no jurisdiction over legal claims not presented below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.